IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAROL S. LIGNELL,<br><br>Plaintiff,<br><br>v.<br><br>CATHOLIC CHURCH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-cv-1151-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The specific matter before the court is Carol S. Lignell's ("Plaintiff") motion for appointment of counsel.[2]

At the outset, the court notes that Plaintiff has been permitted to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915 ("IFP statute").[3] Accordingly, and in addition to the specific matter referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 7.

[2] *See* docket no. 5.

[3] *See* docket nos. 1, 2.

## I. Review of Complaint Under IFP Statute

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Bellmon*, 935 F.2d at 1110; *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se]

plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff has failed to provide any well-pleaded factual allegations to support her alleged claims for relief.  Indeed, the preprinted civil rights complaint Plaintiff has filed is devoid of any factual allegations and is almost entirely blank.  Instead, Plaintiff has simply asserted causes of action for "Harassment" and "Defamation of Character"[4] and indicated that all other portions of the complaint "will be filled out at a later date by an attorney."[5]  Although Plaintiff has submitted one document as an exhibit to her complaint,[6] it is not clear how that document specifically

---

[4] Docket no. 3 at 4.

[5] *Id*. at 1.

[6] *See* docket no. 4.

relates to or supports her alleged claims.  Moreover, Plaintiff has not attempted to explain its relevance or connection to her alleged claims.

For these reasons, the court concludes that Plaintiff's current complaint fails state claims on which relief can be granted.  At the same time, however, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Accordingly, Plaintiff is hereby provided with an opportunity to amend her current complaint.  Plaintiff shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before **February 19, 2010**.  Failure to do so will result in a recommendation to Judge Waddoups that this case be dismissed.

## II.  Motion for Appointment of Counsel

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1).  When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, the merits of Plaintiff's claims will not be entirely clear until her amended complaint is filed. Second, concerning Plaintiff's ability to present her claims, there is no indication that she is unable to pursue this case adequately. Finally, the court will not be able to completely ascertain the complexity of this case until Plaintiff's amended complaint is filed. For these reasons, Plaintiff's motion for appointment of counsel[7] is **DENIED** at this time. If it appears that counsel may be needed or of specific help after the case is fully screened, however, the court may then ask an attorney to appear pro bono on Plaintiff's behalf.

**IT IS SO ORDERED**.

DATED this 25th day of January, 2010.

BY THE COURT:

*(signature)*

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 5.