# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| CAROL S. LIGNELL,<br><br>Plaintiff,<br><br>v.<br><br>CATHOLIC CHURCH,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-cv-1151-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The specific matters before the court are Carol S. Lignell's ("Plaintiff") motion for leave to amend her complaint[2] and the Catholic Church's ("Defendant") motion to dismiss.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 7.

[2] *See* docket no. 12.

[3] *See* docket no. 10.

At the outset, the court notes that Plaintiff has been permitted to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915 ("IFP statute").[4] Accordingly, and in addition to the specific matters referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## **BACKGROUND**

On January 25, 2010, this court issued a memorandum decision and order denying Plaintiff's motion for appointment of counsel.[5] In addition, the court addressed the sufficiency of Plaintiff's original complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). After liberally construing Plaintiff's complaint and considering the proper legal standards, the court determined that Plaintiff had failed to provide any well-pleaded factual allegations to support her alleged claims for relief. The court noted that the preprinted civil rights complaint Plaintiff had filed was devoid of any factual allegations and was almost entirely blank. The court observed that Plaintiff had simply asserted causes of action for "Harassment" and "Defamation of Character"[6] and indicated that all other portions of the complaint would "be

---

[4] *See* docket nos. 1, 2.

[5] *See* docket no. 8.

[6] Docket no. 3 at 4.

2

filled out at a later date by an attorney."[7]  The court also noted that while Plaintiff had submitted one document as an exhibit to her complaint, it was not clear how that document specifically related to or supported her alleged claims, and Plaintiff had not attempted to explain its relevance.

For those reasons, the court concluded that Plaintiff's complaint failed to state claims on which relief can be granted.  *See id*.  At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotations and citation omitted).  Accordingly, the court provided Plaintiff with an opportunity to amend her complaint.  The court ordered Plaintiff to file an amended complaint on or before February 19, 2010.  Plaintiff was warned that failure to do so would result in a recommendation to Judge Waddoups that this case be dismissed.

On February 8, 2010, Plaintiff filed the motion for leave to amend now before the court.  In that motion, Plaintiff has included factual allegations to support her alleged claims.  Those allegations focus on events that occurred while her son was enrolled in two private schools operated by Defendant.

Plaintiff alleges that she had an argument with her daughter on the grounds of one of the schools that was witnessed by another student's parent.  Plaintiff alleges that, after that incident,

---

[7] *Id*. at 1.

she "began getting treated differently" by other students' parents and school staff.[8] Specifically, Plaintiff asserts that other students' parents and school staff "began to stare, wouldn't wave back at [her,] and gave [her] the cold shoulder."[9]

Apparently in response to that treatment, Plaintiff alleges that she enrolled her son in a different private school operated by Defendant. Plaintiff alleges that after her son had been enrolled at that school for a short time, four teachers and one parent "started treating [her] inappropriatly [sic]."[10] Presumably as a result of that treatment, Plaintiff alleges that she withdrew her son from the school and enrolled him in a public school. Plaintiff asserts that, even after she withdrew her son from the schools operated by Defendant, the "mistreatment" and "inappropriate behavior" continued.[11]

After setting forth those general allegations, Plaintiff makes more specific allegations about five individuals involved in the above-referenced events. With regard to the first individual, Plaintiff alleges that she told the individual about how she was being treated by other parents and school staff. Plaintiff asserts that the individual then began to treat Plaintiff differently. Specifically, Plaintiff alleges that the individual "walked by [Plaintiff] fast without saying hello," even though Plaintiff and the individual "had always smiled [and] said hello

---

[8] Docket no. 12 at 2.

[9] *Id*.

[10] *Id*.

[11] *Id*.

before."[12] Plaintiff also contends that on several occasions the individual "would look at [Plaintiff,] then when [Plaintiff] looked at [the individual, the individual] would look away[,] then look at [Plaintiff] again."[13]

Plaintiff alleges that the second individual, who was Plaintiff's son's sixth grade teacher, "looked . . . like he was going out his way to wave at people who were right next to [Plaintiff], but not [Plaintiff]."[14] Plaintiff asserts that the second individual wouldn't make eye contact with her, "[e]ven though he was as friendly with [Plaintiff] as everyone else when school started."[15]

Plaintiff alleges that the third individual "would stare at [Plaintiff] . . . until [Plaintiff] would look back[,] then he would look away."[16] Plaintiff asserts that on one particular occasion when the third individual was in charge of watching students on the playground, he "was staring at [Plaintiff] from the time [she] walked out [of the school] until [she] was all the way off of the school grounds."[17] On that occasion, Plaintiff alleges that she thought to herself that one of the students might get hurt while the third individual was "busy staring" at her.[18]

---

[12] *Id*. at 3.

[13] *Id*.

[14] *Id*. at 4.

[15] *Id*.

[16] *Id*. at 5.

[17] *Id*.

[18] *Id*.

Plaintiff alleges that the fourth individual conducted the choir "from behind the screen on the alter [sic]" at one of the private schools her son attended.[19]  Plaintiff asserts that the fourth individual "would come out from the back where the children were singing[,] stand there[, and] stare at [Plaintiff] for a couple [of] minutes."[20]  Plaintiff alleges that the fourth individual "also came out on the alter [sic] during Bishop Neiderhaurs [sic] farewell for what appeared to be no other reason than to stare at [Plaintiff]."[21]  Plaintff contends that on one occasion, the fourth individual and the fifth individual "would talk to each other[,] then look at [Plaintiff,] then talk."[22]

Plaintiff alleges that she encountered the fifth individual when she arrived at one of the private schools her son attended.  Plaintiff asserts that she and the fifth individual "were friendly with each other at first," but the fifth individual eventually "began to ask uncomfortable and private questions."[23]  Plaintiff asserts that the fifth individual "would frequently repeat the same uncomfortable and private questions the next day" and that Plaintiff "didn't like it."[24]  Plaintiff alleges that she attempted to avoid the fifth individual by sitting in a particular place and putting

---

[19] *Id*. at 6.

[20] *Id*.

[21] *Id*.

[22] *Id*.

[23] *Id*. at 7.

[24] *Id*.

6

her purse in the place next to her. Plaintiff asserts that the fifth individual would sit next to her anyway and would move her purse without asking.

In addition to her motion for leave to amend her complaint, Plaintiff submitted a police report based on a complaint she made to police in September 2006.[25] The report contains many of the same general allegations Plaintiff has made in her motion for leave to amend. In addition, Plaintiff alleged that the incidents at the two different private schools were related. Plaintiff also asserted her belief that the alleged inappropriate treatment stems from the argument she had with her daughter on school grounds that was witnessed by another student's parent. Plaintiff alleged that the parent must have later obtained an "abuse report" that was prepared in 1997.[26] According to Plaintiff, that abuse report was based on false allegations that she was abusing her son. Plaintiff alleged that the parent who obtained the report must have communicated the contents of the report to someone at one of the private schools her son attended. Finally, Plaintiff indicated that she "wanted it known that she is exactly the opposite of what she thinks people think of her."[27]

## ANALYSIS

First, the court will address the sufficiency of Plaintiff's claims under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Second, the court will address Plaintiff's

---

[25] *See* docket no. 9.

[26] *Id*. at 4.

[27] *Id*.

motion for leave to amend her complaint. Finally, the court will address Defendant's motion to dismiss.

In conducting the analysis below, the court has considered Plaintiff's original complaint, as well as the factual allegations provided in her motion for leave to amend and the above-referenced police report. In addition, the court has liberally construed those submissions. *See, e.g.*, *Ledbetter*, 318 F.3d at 1187.

## I. Dismissal Under the IFP Statute

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that" the case (A) "fails to state a claim on which relief may be granted" or (B) "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### A. Failure to State a Claim

To determine whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay*, 500 F.3d at 1217-18. Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citation omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"

*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

For the following reasons, even when the court liberally construes Plaintiff's pleadings, the court concludes that Plaintiff has failed to state any claims upon which relief can be granted.

First, Plaintiff has failed to state any civil rights claims, even though her original complaint was captioned as a civil rights complaint.[28] Because Plaintiff's factual allegations concern only private conduct, she has failed to state a claim under 42 U.S.C. § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, [the plaintiffs] must establish that they were deprived of a right

---

[28] On the first page of her original, preprinted civil rights complaint, Plaintiff failed to indicate whether her claims were being brought under 42 U.S.C. § 1983, § 1985, or both. *See* docket no. 3 at 1. However, on the civil cover sheet submitted with her complaint, Plaintiff identified the nature of her suit as "Other Civil Rights." *Id.* at Attachment 1. In the spirit of liberally construing Plaintiff's pleadings, the court will presume that Plaintiff intended to mark both § 1983 and § 1985 on the first page of her original complaint.

secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotations and citations omitted)). Plaintiff has also failed to state a claim under 42 U.S.C. § 1985. Plaintiff's complaint does not allege any overt act taken in furtherance of a conspiracy or that any alleged conspiracy was motivated by a class-based, discriminatory animus. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (stating that to succeed with a § 1985 claim, a plaintiff must include an allegation of "an overt act in furtherance of the object of the conspiracy"); *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) ("A violation of section 1985 must include class-based or racially discriminatory animus. In the absence of allegations of class[-]based or racial discriminatory animus, the complaint fails to state a claim under [section] 1985." (quotations and citations omitted)).

Second, Plaintiff's asserted causes of action for "Harassment" and "Defamation of Character"[29] lack merit. There is no independent civil cause of action for "Harassment." In addition, Plaintiff has failed to allege any facts to support the required elements for a state-law claim for defamation. *See, e.g.*, *West v. Thomson Newspapers*, 872 P.2d 999, 1007-08 (Utah 1994) (providing the following required elements to state a claim for defamation: the defendant published statements concerning the plaintiff; the statements were false, defamatory, and not

---

[29] Docket no. 3 at 4.

subject to any privilege; the statements were published with the requisite degree of fault; and the publication of the statements resulted in damages).

For these reasons, the court concludes that Plaintiff's allegations do not "plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotations and citation omitted). Accordingly, the court concludes that Plaintiff's complaint should be dismissed under the IFP statute for failure to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Frivolousness

The United States Supreme Court has construed the term "frivolous" within the context of the IFP statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The IFP statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest [that] clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id*. at 327-28; *see also Bellmon*, 935 F.2d at 1108-10

After carefully reviewing Plaintiff's complaint and other filings, the court has determined that Plaintiff's claims in this case fall under the second of those two categories because they include factual allegations that "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. Accordingly, the court concludes that Plaintiff's claims should be dismissed as frivolous under the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## II. Plaintiff's Motion for Leave to Amend

Pursuant to rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). However, even under this liberal standard, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

After reviewing Plaintiff's motion for leave to amend, the court has determined that it does nothing to affect the court's conclusion that Plaintiff's claims should be dismissed under the IFP statute. Even if Plaintiff were given leave to amend her complaint, it would still be subject to dismissal and, consequently, the amendment would be futile. *See id*. Furthermore, the court notes that Plaintiff has already been provided with an opportunity to amend her original complaint. In light of the information Plaintiff provided to the court with that opportunity, the court concludes that giving Plaintiff an additional opportunity to amend her complaint would likewise be futile. *See Kay*, 500 F.3d at 1217 ("Dismissal of a pro se complaint for failure to

state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." (quotations and citation omitted)). For these reasons, Plaintiff's motion for leave to amend her complaint should be denied.

### III. Defendant's Motion to Dismiss

At around the same time Plaintiff filed her motion for leave to amend her complaint, Defendant filed its motion to dismiss. Because the court has already concluded that Plaintiff's claims should be dismissed under the authority of the IFP statute, the court has determined that it is unnecessary to address the specifics of Defendant's motion. Accordingly, the court concludes that the motion should be deemed moot.

### CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff's complaint be **DISMISSED** under the authority of the IFP statute as frivolous and for failure to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. Plaintiff's motion for leave to amend her complaint[30] be **DENIED**.

3. Defendant's motion to dismiss[31] be deemed **MOOT**.

---

[30] *See* docket no. 12.

[31] *See* docket no. 10.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See id*. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of May, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge